IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LOPEZ,

    Petitioner,                   2:11-cv-1899 JAM CKD P

   vs.

NANCY HARDY,

    Respondent.             FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the September 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. (Dkt. No. 1, Ex. F at 136-145.) For the reasons set forth below, the court will recommend that the petition be dismissed for failing to state a federal habeas claim.

I. 'Some Evidence'

       In Claim 1, petitioner asserts that the BPH's decision was not supported by "some evidence" as required by state law and in violation of his constitutional right to due process.

       On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context.

1

Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied."  Id.

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.

A review of Claim 1 in this case demonstrates that it is entirely based on an alleged violation of California's "some evidence" requirement. Thus, Claim 1 should be dismissed.

II. State Law Error

In Claim 2, petitioner claims that the BPH failed to comply with California Penal Code § 3041.5 governing parole hearings.

As discussed above, in Estelle v. McGuire, supra, 502 U.S. at 67-68, the Supreme Court held that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." The Court emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, citing Lewis v. Jeffers, 497 U.S. 764 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Id. at 68, 112 S. Ct. at 480. The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73, and that "we 'have defined the

category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73.

Here, the undersigned concludes that Claim 2 presents a question of state law that does not implicate petitioner's federal constitutional right to due process.

Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 7, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

2
lope1899.parole'some evidence'